**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBI JEAN LAMB, | No. 2:16-CV-1227-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-motion for summary judgment (Doc. 23).

///

///

///

# I. PROCEDURAL HISTORY

This matter is before the court again following the court's August 4, 2014, decision in Lamb v. Colvin, E. Dist. Cal. No. 1:13-CV-0137-GSA. In the prior case, which addressed the denial of plaintiff's June 15, 2009, disability application, plaintiff raised one issue, which the court outlined as follows:

> Plaintiff argues that the ALJ committed reversible error in finding Plaintiff not disabled at step four of the sequential disability determination process. Specifically, Plaintiff challenged the ALJ's step-four finding that Plaintiff could perform her past relevant work of real-estate clerk in light of her RFC as assessed by the ALJ. The ALJ based his step-four finding on the testimony of a vocational expert ("VE"). The VE testified that a hypothetical person of Plaintiff's age, education, and experience, who had the same limitations as Plaintiff, could work as a real-estate clerk as that occupation is defined in the Dictionary of Occupational Titles ("DOT"). Plaintiff contends that the real-estate clerk job, as defined by DOT, requires frequent omni-directional reaching and, because Plaintiff's RFC precludes any overhead reaching, Plaintiff cannot perform this job. Plaintiff argues that the ALJ improperly relied on the VE's testimony because he did not resolve the inconsistency between the VE's testimony and the DOT's description of the physical demands of the real-estate clerk job. Therefore, Plaintiff argues, the ALJ's step-four finding contains legal error and is not supported by substantial evidence.

The court agreed with plaintiff insofar as it found that the ALJ failed to resolve a conflict between the vocational expert's testimony and the DOT with respect to reaching. The court also noted:

> . . .Moreover, given that the ALJ's articulation of Plaintiff's RFC included a categorical limitation on overhead reaching, a reasonable explanation for the VE's deviation from the DOT . . . would have to demonstrate that Plaintiff's past relevant work, at least in specific settings, does not require overhead reaching.

In remanding the matter, the court stated: "The Court finds that remand is appropriate for the ALJ to reevaluate his step-four determination and the possibly proceed to step five of the sequential disability analysis."

/ / /

/ / /

/ / /

Prior to the court's decision in the prior case, but several months after it was filed in January 2013, plaintiff filed a second claim for disability benefits on April 2, 2013. On remand following the court's August 4, 2014, decision, the Appeals Council consolidated plaintiff's claims and provided plaintiff an opportunity for an administrative hearing. A hearing was held on March 16, 2015. In a June 5, 2015, decision, the ALJ determined that plaintiff was not disabled through the date last insured, December 31, 2014. Specifically, in re-evaluating plaintiff's residual functional capacity, the ALJ found that plaintiff's could "never. . .reach overhead with the left arm." The ALJ did not discuss plaintiff's past relevant work. Instead, the ALJ concluded that, through the date last insured, plaintiff had the ability to perform jobs that existed in significant numbers in the national economy. After the Appeals Council declined further review on April 11, 2016, this appeal followed.

## II. DISCUSSION

Plaintiff argues that the agency's decision following remand violated the rule of mandate and the law-of-the-case doctrine by re-evaluating her residual functional capacity. Specifically, plaintiff challenges the ALJ's re-assessment of her reaching limitation to preclude overhead reaching with the left arm instead of bilaterally, as found in the decision on plaintiff's original claim. Plaintiff does not, as defendant notes, raise any claims of error with respect to the ALJ's evaluation of the medical evidence or any testimony.

The law-of-the-case doctrine prohibits a court from considering an issue that has already been decided by the same court or a higher court in the same case. See Stacy v. Colvin, 825 F.3d 563 (9th Cir. 2016). The doctrine does not apply, however, when the evidence has changed. See Merritt v. Mackey, 932 F.2d 1317 (9th Cir. 1991). The rule of mandate prohibits a "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012).

The court finds that the ALJ did not violate the law-of-the-case doctrine because new evidence was introduced following the remand.  Specifically, plaintiff's second application for benefits necessitated consideration of new evidence, which was received and has been included in the current record.  In concluding that plaintiff's argument is not well-taken, the court notes that plaintiff does not challenge any of the ALJ's findings regarding the medical opinion evidence or testimony, plaintiff does not acknowledge or even reference her second application, and plaintiff did not file a reply brief.

The court also finds that the ALJ did not violate the rule of mandate because, as defendant notes, the remand order specifically contemplated the potential for an agency determination beyond the step-four error identified in the prior district court decision.

### III.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 16) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 23) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 27, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE